IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | No. CR 03-0334-PHX-SMM |
| vs. | ) | CV 04-3072-PHX-SMM (BPV) |
| | ) | |
| JULIAN SALAS-QUIZ, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant/Movant. | ) | |

On December 30, 2004, Julian Salas-Quis, ("Movant"), presently confined in the Cibola County Correctional Center in Milan, New Mexico, filed a *pro se* Petition for Writ of Error Coram Nobis to Vacate Conviction and Sentence Due to Ineffective Assistance of Counsel, construed by the District Court as a Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("Motion") (Document # 26").

Ordinarily, a court must conduct a hearing on a motion unless it "and the files and records of the case conclusively show that the petitioner is entitled to no relief ...." 28 U.S.C. § 2255.  The Motion, as well as the files and records, do conclusively establish that Movant is not entitled to relief. *See Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989).  Hence, no hearing is required to rule on the present Motion.

**Procedural History**

On March 12, 2003, Movant was charged by Complaint with two counts of illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5).  (Doc. #1)  On April 3, 2003, Movant was indicted on the same charges.  (Doc. #7)  On June 16, 2003, Movant entered a guilty plea, pursuant to a plea agreement with the government,

to Count Two of the Indictment, which charged that Movant was an illegal alien in possession of a firearm. (Doc. #15) In his plea agreement, Movant waived his right to appeal his sentence and conviction if he was sentenced pursuant to the terms of the plea agreement. (Doc. #23) The plea agreement provided that the Sentencing Guidelines were applicable. (Id.)

Prior to sentencing, the Probation Officer issued a Pre-sentencing Investigative Report which determined that Movant was subject to a Guideline cross-reference for possession of a firearm in connection with possession with intent to distribute a controlled substance. The Probation Officer applied the cross reference because the Movant admitted that he owned 52 grams of methamphetamine found in his apartment at the same time as the firearm which led to his federal charge was recovered.

Accordingly, the court applied an adjusted offense level of 28. On September 15, 2003, Movant was sentenced to 57 months with credit for time served followed by 3 years of supervised release. (Doc. #24,25.) Defendant did not appeal his conviction or sentence. Movant brought this Motion on December 30, 2004, and an amended petition on February 25, 2005. Movant's Motion raises the following four grounds for relief:

     1.    Ineffective Assistance of Counsel at the Sentencing Hearings ;

     2.    Conviction Obtained by a Violation of the Protection Against Double Jeopardy;

     3.    Defendant's Guilty Plea was not Knowingly, Voluntarily, and Intelligently Entered; and

     4.    Denial of the Right of Appeal.

Respondents filed an answer to the Motion arguing that, under 28 U.S.C. § 2255, the Motion is untimely, having been filed more than fifteen months after his judgment of conviction became final.

- 2 -

**Discussion**

1

2       Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a one

3  year period of limitations from the date on which the judgement of conviction becomes

4  final has been imposed on the filing of motions for collateral relief by prisoners in

5  federal custody.  28 U.S.C. § 2255.

6       The one year period of limitations which Movant had to file his § 2255 motion

7  began to run upon the expiration of the time during which he could have sought review

8  of his conviction by direct appeal.  *U.S. v. Schwartz*, 274 F.3d 1220 (9th Cir. 2001).

9  This means that the limitations period here began to run upon the expiration of the time

10  during which the defendant could have sought review by direct appeal. *Schwartz*, 274

11  F.3d at 1223. Because the defendant did not file a direct appeal, the limitations period

12  expired ten days after his conviction, or on September 25, 2003.  Movant's Motion, filed

13  over a year later, on December 30, 2004, is untimely and subject to dismissal unless

14  relief in the form of equitable tolling is applicable in this case.

15       The Ninth Circuit has confirmed that the doctrine of equitable tolling applies to

16  § 2255 cases.  *United States v. Battles*, 362 F.3d 1195 (9th Cir. 2004).  Equitable tolling

17  may be available even after the statute of limitations period has expired if

18  "extraordinary circumstances beyond a prisoner's control make it impossible to file a

19  petition on time."  *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288

20  (9th Cir. 1997), overruled on other grounds *Calderon v. United States Dist. Ct.,* 163

21  F.3d 530 (9th Cir. 1998)(en banc).  The Ninth Circuit has noted that determinations of

22  "whether there are grounds for equitable tolling are highly fact dependent."

23  *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000)(*en banc*).

24       Equitable tolling is appropriate only if extraordinary circumstances beyond a

25  prisoner's control make it impossible to file a petition on time, and is unavailable in

26  most cases.  *Miranda v. Castro*  292 F.3d 1063, 1066 (9th Cir. 2002) (quoting  *Miles v.*

27  *Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) and *Beeler*, 128 F.3d at 1288).  The

28

threshold necessary to trigger equitable tolling under the AEDPA is very high. *Miranda*, 292 F.3d at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

There are no apparent tolling circumstances in this case. Movant filed no reply to Respondent's answer, however, Respondent's answer did not inform Movant that he could present circumstances demonstrating equitable tolling. Petitioner has not, at this time, sufficiently alleged that, due to circumstances beyond his control it was impossible to file a petition on time.

Accordingly, the Magistrate Judge recommends that, absent further demonstration of equitable tolling by the Petitioner, **which he may include in objections to this report**, that the District Court reject Petitioner's equitable tolling claim and dismiss the petition as untimely.

## Recommendation

It is the recommendation of this Court that the Movant's Petition For a Writ of Error Coram Nobis to Vacate Conviction and Sentence Due to Ineffective Assistance of Counsel (Document # 26) be DENIED.

Petitioner has failed to demonstrate that the limitations period should be tolled pursuant to the doctrine of equitable tolling.

Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: CR 03-00334-TUC-SMM and CV 04-3072-PHX-SMM.

DATED this 5th day of April, 2006.

_____
Bernardo P. Velasco
United States Magistrate Judge